IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DISTRICT

| | |
|---|---|
| IN RE: § | CASE NO. 09-33151-H4-11 |
| Endeavour Highrise, L.P. § | (CHAPTER 11) |
| Debtor § | |
| § | |
| § | |

**Alltex Glass Company, Inc.'s Motion to Determine the
Characterization and Ownership of Debt**

Alltex Glass Company, Inc. ("Alltex") files this Motion to Determine the Characterization and Ownership of Debt, and in support thereof, would respectfully show the court as follows:

### Summary

1.  Alltex provided services to a viable entity, N Sky Construction, LLC f/k/a N Sky Construction, L.P., ("N Sky") who has failed to pay for the services rendered and is in breach of contract. It appears that N Sky is trying to discharge its debt to Alltex by incorporating the debt into an obligation that N Sky owes to the Debtor, Endeavour Highrise, L.P. ("Endeavour"), a related entity of N Sky. This is an improper characterization of the debt, and Alltex seeks a determination by this Court rendering that the Alltex debt is owed by N Sky and not dischargeable in this action by the Endeavour. Alltex requests this determination so that it may proceed with its state court action to collect monies owed without fear that same will be improperly discharged in this bankruptcy action.

**Factual Background**

2. On October 10, 2006, Alltex, a commercial glass provider, entered into a contract with N Sky Construction, L.P., to provide it with labor, services, and materials at the Endeavour Condominium located in Harris County, Texas (the "Contract"). The Contract is attached as Exhibit A and is incorporated by reference as if fully set forth herein. The parties entered into subsequent change orders (the "Change Orders"). The Change Orders are attached as Exhibit B and are incorporated by reference as if fully set forth herein. The Contract and Change Orders are by and between Alltex and N Sky, with no mention of Endeavour Highrise, L.P.

3. On October 27, 2006, N Sky Construction, L.P., filed a Certificate of Conversion with Texas Secretary of State's office and converted its existence to N Sky Construction, LLC. The Certificate of Formation of N Sky Construction, L.P., Certificate of Conversion, and Certificate of Formation of N Sky Construction, LLC are attached as Exhibit C and are incorporated by reference as if fully set forth herein. N Sky, Inc. is the Manager of N Sky Construction, LLC, and is also the general partner of N Sky Construction, L.P. The Certificate of Formation of N Sky, Inc. is attached as Exhibit D and is incorporated by reference as if fully set forth herein. N Sky, Inc. has subsequently forfeited its existence. The forfeiture is attached as Exhibit E and is incorporated by reference as if fully set forth herein. Robin L. Parsley is a member of the Board of Directors of N Sky, Inc. and under information and belief is also a shareholder of N Sky, Inc (N Sky Construction, LLC f/k/a N Sky Construction, L.P., N Sky, Inc., and Robin L. Parsley are collectively referred to as "N Sky").

4. On or about February 9, 2009, Alltex brought suit against N Sky to recover in the following styled lawsuit: Cause No. 934182, *Alltex Glass Company Inc. v. N Sky Construction, LLC f/k/a N Sky Construction, L.P., N Sky, Inc., and Robin L. Parsley*, In the County Civil Court at Law Number One (1) of Harris County, Texas. The Original Petition for Suit on Sworn Account and Request for Disclosure is attached as Exhibit F and is incorporated by reference as if fully set forth herein. Alltex pled causes of action for suit on sworn account, breach of contract, quantum meruit, and recovery of attorneys' fees.

5. On or about May 26, 2009, Alltex received notice that Endeavour filed for Chapter 11 Bankruptcy. The Notice is attached as Exhibit G and is incorporated by reference as if fully set forth herein. Alltex was listed as one of the twenty largest unsecured claims against Endeavour. *See* Exhibit G.

6. Pursuant to Schedule F, it appears that N Sky claims that it is owed over $4,000,000.00 by Endeavour. Schedule F is attached as Exhibit H and is incorporated by reference as if fully set forth herein. To support N Sky's claim against Endeavour, N Sky attached an exhibit which appears to be a list of N Sky's creditors. *See* Exhibit H. Alltex appears on this list. *See* Exhibit H.

7. N Sky and Endeavour are not affiliated entities although they may share some common ownership. Endeavour's Certificate of Limited Partnership is attached as Exhibit I and is incorporated by reference as if fully set forth herein. The limited partner of Endeavour is N Sky Living, Inc., and not N Sky Construction, LLC f/k/a N Sky Construction, L.P., N Sky, Inc., or Robin L. Parsley. *See* Exhibit I.

**Argument and Authorities**

**A.     Alltex Glass Company Inc. is Not a Creditor of Endeavour Highrise, L.P.**

8.     Although Endeavour may have received a benefit from Alltex's rendition of services, Alltex is not a creditor of Endeavour because Alltex's Contract and Change Orders were with N Sky.  A valid and enforceable contract requires offer, acceptance, and valid consideration. *Fraud-Tech, Inc. v. Choicepoint, Inc.*, 102 S.W.3d 366, 385 n.67 (Tex. App.--Fort Worth 2003, pet. denied) ; *Harco Energy, Inc. v. Re-Entry People, Inc.*, 23 S.W.3d 389, 392 (Tex. App.--Amarillo 2000, no pet.).  For a contract to be enforceable, there must also be mutual assent. *Baylor University v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007).  Evidence of mutual assent in written contracts generally consists of parties' signatures on contract and delivery of contract with intent to bind. *Id.* at 635 (Tex. 2007).

9.     "Privity is an essential element for recovery in any action based on contract[.]" *Sanders v. Total Heat & Air, Inc.*, 248 S.W.3d 907, 912 (Tex. App.--Dallas 2008, no pet. h.).  "Absent an express agreement otherwise, in construction cases 'a subcontractor is not in privity with the owner[.]'"  *Sanders*, 248 S.W.3d at 913 (citing *Jensen Constr. Co. v. Dallas County*, 920 S.W.2d 761, 772 (Tex. App.--Dallas 1996, writ denied), overruled in part by *Travis County v. Pelzel & Assocs., Inc.*, 77 S.W.3d 246, 251 (Tex. 2002)).  "Persons performing services or providing materials to a general contractor are paid by the general contractor, not the owner, even if 'the work is done under the direction of and in accordance with the plans furnished by the owner.'" *Id.* (citing *City of Corpus Christi v. Acme Mech. Contractors, Inc.*, 736 S.W.2d 894, 898 (Tex. App.--Corpus Christi 1987, writ denied)).

10.  Alltex's Contract and Change Orders were made by and between Alltex and N Sky.  N Sky's assent to enter into the Contract and Change Orders are evidenced by the signature of a N Sky Representative.  *See* Exhibit A and Exhibit B.  There was no privity between Alltex and Endeavour.  Furthermore, Alltex has not pled that Endeavour ratified the contract between Alltex and N Sky, nor does it intend to do so unless evidence of same be produced.  *See Miller v. Kennedy & Minshew, P.C.*, 142 S.W.3d 325, 342-343 (Tex. App.--Fort Worth 2003, pet. denied); *Diamond Paint Co. of Houston v. Embry*, 525 S.W.2d 529, 534-535 (Civ. App.--Houston [14th Dist.] 1975, ref. n.r.e.).  Based on the foregoing, Alltex is not a creditor of Endeavour.

**B.  The Debt Owed to Alltex Is Owed by N Sky Regardless of Whether N Sky and Endeavour Share Common Control.**

11.  Although N Sky and Endeavour may share common control, this is and of itself does not translate in to the law allowing N Sky to discharge its debts to Alltex during the bankruptcy proceedings of Endeavour.  *See* Exhibit G and Exhibit H.  In *SSP Partners v. Gladstrong Invs. Corp.*, the Texas Supreme Court has recently discussed the separate nature of entities that share centralized control, mutual purposes, and shared finances:

> We have never held corporations liable for each other's obligations merely because of centralized control, mutual purposes, and shared finances. There must also be evidence of abuse, or as we said in *Castleberry*, injustice and inequity.  By "injustice" and "inequity" we do not mean a subjective perception of unfairness by an individual judge or juror; rather, these words are used in *Castleberry* as shorthand references for the kinds of abuse, specifically identified, that the corporate structure should not shield -- fraud, evasion of existing obligations, circumvention of statutes, monopolization, criminal conduct, and the like.  Such abuse is necessary before disregarding the existence of a corporation as a separate entity.

*SSP Partners v. Gladstrong Invs. Corp.*, 275 S.W.3d 444, 456 (Tex. 2008).

12. It is clear that N Sky and Endeavour are separate entities. The Certificate of Limited Partnership of Endeavour clearly states that its General Partner is N Sky Living, Inc., whereas the Certificates of Formation of N Sky Construction, L.P. and N Sky Construction, LLC state that N Sky, Inc. is the general partner and manager of these entities. *Compare* Exhibit C with Exhibit I.

**C.     N Sky Has Made a Judicial Admission That it Owes Money to Alltex for Services and Material That Alltex Has Provided to N Sky.**

13. As reflected in Schedule F and exhibits attached thereto, N Sky has made a judicial admission that it owes $16,207.58 to Alltex. *See* Exhibit H. As set forth in *Kaplan v. Kaplan*, "the elements required for a judicial admission are: (1) a statement made during the course of a judicial proceeding; (2) that is contrary to an essential fact or defense asserted by the person making the admission; (3) that is deliberate, clear, and unequivocal; (4) if given conclusive effect, would be consistent with public policy on which the rule is based; and (5) that is not destructive of the opposing party's theory of recovery."  129 S.W.3d 666, 669 (Tex. App. Fort Worth 2004) (citing *Sherman v. Merit Office Portfolio, Ltd.*, 106 S.W.3d 135, 140 (Tex. App.--Dallas 2003, pet. denied); *Lee v. Lee*, 43 S.W.3d 636, 641-42 (Tex. App.--Fort Worth 2001, no pet.)). The rules regarding judicial admissions are "based on the public policy that it would be unjust to permit a party to recover after he has sworn himself out of court by a clear, unequivocal statement." *Id*. (citing *Lee*, 43 S.W.3d at 641; *Dowelanco v. Benitez*, 4 S.W.3d 866, 871 (Tex. App.--Corpus Christi 1999, no pet.).

14. In *Kaplan*, the court found that the appellant made a judicial admission when she filed pleadings in an action for declaratory judgment, which directly contradicted pleadings that were filed in previous bankruptcy and divorce proceedings. *Id*. at 669-670. As in *Kaplan*, this Court should find that N Sky has made a judicial admission that it owes money to Alltex for the services Alltex has provided. N Sky has prepared Schedule F and the exhibits attached thereto, which were filed in a judicial proceeding, wherein N Sky admits to owing money to Alltex. To allow N Sky to produce evidence to prove otherwise would violate the public policy on which judicial admissions are based. *See Id*., *see also Lee*, 43 S.W.3d at 641; *Benitez*, 4 S.W.3d at 871.

**D. Conclusion**

15. Alltex's claim for money owed has been improperly included in the bankruptcy proceedings of Endeavour. Alltex was not in privity of contract with Endeavour when it agreed to render its services. The Contract and Change Orders that governed Alltex's rendition of services was by and between Alltex and N Sky, not Endeavour. Furthermore, Endeavour and N Sky are separate entities and N Sky's debt to Alltex can not be discharged during the bankruptcy proceedings of Endeavour. Moreover, N Sky has made a judicial admission that it owes money to Alltex for the services it provided to N Sky.

## Prayer

For these reasons, Alltex Glass Company, Inc. respectfully prays that this Court determine the characterization and ownership of the debt owed to Alltex, and after considering the evidence and arguments of counsel, if any, determine that the debt owed to Alltex is not properly characterized as a debt of Debtor, Endeavour Highrise, L.P., order Endeavour to remove the debt from Endeavour's schedules, declare the debt owed by N Sky Construction, LLC f/k/a N Sky Construction, L.P., and grant such other and further relief to which Alltex shows itself to be justly entitled.

Dated: June 16, 2009                    Respectfully submitted,

**Hanszen ■ Laporte, LLC**

By:      /s/ Christina J. Minshew
Kent M. Hanszen, Esq.
Texas Bar No. 00784210
Christina J. Minshew
Texas Bar No. 24013170
Montague M. Morgan
Texas Bar No. 24056007
4309 Yoakum Boulevard
Houston, Texas 77006
(713) 522-9444 Telephone
(713) 524-2580 Facsimile

**COUNSEL FOR ALLTEX GLASS COMPANY, INC.**

**Certificate of Service**

I hereby certify that on June 18, 2009 a copy of the foregoing instrument was served via electronic means in accordance with the FED. R. CIV. PROC. to all parties.

/s/ Christina J. Minshew
Kent M. Hanszen/Christina J. Minshew